IN THE SUPREME COURT OF TENNESSEE
AT JACKSON

# DOYLE HART v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lake County**
**No. 95-7588    J. Steven Stafford, Judge**

---

**No. W1997-00188-SC-R11-CO - Decided June 22, 2000**
**FOR PUBLICATION**

---

We granted review in this habeas corpus case to determine whether two counts of the indictment under which Doyle Hart, the appellant, was convicted are void for failing to provide him with sufficient notice of the crimes charged. After thoroughly reviewing the applicable law, we find that Count 1 is not void for failing to allege a culpable mental state. Additionally, Count 2 is valid because the appellant was provided with sufficient notice of the manner in which he committed the offense for which he was charged and because Count 2 complies with the requirements of Tenn. Code Ann. § 40-13-202 (1982). As such, we affirm the Court of Criminal Appeals's denial of the appellant's petition for habeas corpus relief.

**Tenn. R. App. P. 11 Appeal by Permission from Appellate Court to Supreme Court; Judgment of the Court of Criminal Appeals is Affirmed**

BIRCH, J., delivered the opinion of the court, in which ANDERSON, C.J., and DROWOTA, HOLDER, and BARKER, JJ., joined.

Joseph S. Ozment, Memphis, Tennessee, for the appellant, Doyle Hart.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Elizabeth Ryan, Assistant Attorney General, and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I

We granted review of this habeas corpus petition to determine whether two specific counts of the indictment under which Doyle Hart, the appellant, was convicted are fatally defective for failing to provide him sufficient notice of the crimes charged.

After thoroughly reviewing the applicable law, we find that Count 1 is not void for failing to allege a culpable mental state. Additionally, Count 2 is valid because the appellant was provided with sufficient notice of the manner in which he committed the offense for which he was charged and because Count 2 complies with the requirements of Tenn. Code Ann. § 40-13-202 (1982). As such, we affirm the Court of Criminal Appeals's denial of the appellant's petition for habeas corpus relief.

## II

This appeal arises from the petition for habeas corpus relief filed by the appellant. He was indicted in February 1991 for two counts each of aggravated rape and incest;[1] he was convicted by

---

[1]The indictments charged the appellant as follows:

Count 1

THE GRAND JURORS of GIBSON County, Tennessee, duly empaneled and sworn, upon their oath, present that [the appellant] on divers dates, during a period of time beginning on the 1st day of November, 1989, the exact dates to the Grand Jurors unknown, in Gibson County, Tennessee, and prior to the issuance of this indictment then and there unlawfully and feloniously did have unlawful sexual penetration of [the victim], a female child under the age of 13 years, contrary to the Statute and against the peace and dignity of the State of Tennessee;

Count 2

And the Grand Jurors aforesaid upon their oaths aforesaid, present further that on the days and dates aforesaid, and in the aforesaid County, and within said jurisdiction, the aforesaid [appellant] did unlawfully and feloniously have carnal knowledge of [the victim], his wife's daughter, contrary to the Statute and against the peace and dignity of the State of Tennessee;

Count 3

And the Grand Jurors aforesaid upon their oaths aforesaid, present further that on divers dates, during a period of time beginning November 1, 1989 and ending on the 3rd day of October, 1990, and in the aforesaid County, and within said jurisdiction, and before the findings of this indictment, the aforesaid [appellant] did unlawfully sexually penetrate [the victim], a person less than thirteen (13) years of age, in violation of T.C.A. 39-13-502, all of which is against the peace and dignity of the State of Tennessee;

a jury of Count 1 (aggravated rape) and Count 2 (incest) and sentenced by the trial court to an effective sentence of fifteen years. The judgments were affirmed by the Court of Criminal Appeals. See State v. Hart, No. 02-C-01-9209-CC-00202, 1993 WL 305777 (Tenn. Crim. App. Aug. 11, 1993) perm. app. denied (Tenn. Nov. 29, 1993). Subsequently, the appellant filed a petition for habeas corpus relief on January 23, 1997. The trial court dismissed the petition; the Court of Criminal Appeals affirmed the dismissal.

### III

At the outset, we note that we are reviewing a petition for habeas corpus relief and whether to grant the petition is a question of law that we review de novo. We are guided by the overarching rule that habeas corpus relief is available to a defendant only when the judgment is void on its face or the prisoner's sentence has expired. See Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). A valid indictment is an "essential jurisdictional element" to any prosecution; consequently, this Court has held that a defective indictment may deprive a court of jurisdiction. Id. So long as an indictment performs its essential constitutional and statutory purposes, a defect or omission in the language of the indictment will not render the judgment void. See id.

In 1997, this Court established the criteria to determine whether an indictment performs its essential constitutional and statutory purposes. See State v. Hill, 954 S.W.2d 725, 726-27 (Tenn. 1997). In Hill, we held that

> for offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as
>
> (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;

---

<u>Count 4</u>
And the Grand Jurors aforesaid upon their oaths aforesaid, present further that on the date aforesaid, and in the aforesaid County, and within said jurisdiction, and before the finding of this indictment, the aforesaid [appellant] did unlawfully sexually penetrate [the victim], a person he knew to be his stepdaughter, in violation of T.C.A. 39-15-302, all of which is against the peace and dignity of the State of Tennessee.

(2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and

(3) the mental state can be logically inferred from the conduct alleged.

Id.

IV

We now consider whether, in light of Hill, Count 1 is fatally defective for failing to provide the appellant with sufficient notice of the crime charged in omitting the requisite mental state. As regards Count 1, Hill is squarely on point and strongly supports the proposition that the appellant received constitutionally sufficient notice. In Hill, the indictment charging the defendant with aggravated rape stated:

> [the defendant] did unlawfully sexually penetrate [the victim] a person less than thirteen (13) years of age, in violation of Tennessee Code Annotated 39-13-502, all of which is against the peace and dignity of the State of Tennessee.

Hill, 954 S.W.2d at 727. For purposes of comparison, Count 1 in this case states that

> [the defendant] unlawfully and feloniously did have unlawful sexual penetration of [the victim], a female child under the age of 13 years, contrary to the Statute and against the peace and dignity of the State of Tennessee . . . .

Neither the Hill indictment nor Count 1 allege any culpable mental state; the only difference between the two is that in Hill the applicable statute was numerically referenced, whereas in this case, Count 1 references "the Statute."

Hill clearly held that an indictment need not specify a culpable mental state as long as "the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend." Id. at 726. Thus, an indictment is not rendered void for failing to allege a specific mental state as long as it reasonably identifies the nature of the criminal conduct alleged by the State in compliance with Tenn. Code Ann. § 40-13-202 and the requisite mental state can be inferred from the alleged conduct.

In reviewing Count 1 in this case, we note its striking similarity to the indictment we reviewed in Hill. See id. at 727. As such, we find that the analysis we applied in Hill applies equally in this case. See id. at 726-29 ("Obviously, the act for which the defendant is indicted, 'unlawfully sexual penetrat[ing]' a person under the age of thirteen, is committable only if the principal actor's *mens rea* is intentional, knowing, or reckless. Thus, the required mental state may

-4-

be inferred from the nature of the criminal conduct alleged."). Thus, we find that Count 1 now under review is not void for failing to allege a culpable mental state.

Having concluded that Count 1 is valid, our review now shifts to a consideration of whether, in light of Hill, Count 2 is fatally defective for failing to provide the appellant with sufficient notice of the crime charged. See State v. Hill, 954 S.W.2d 725 (Tenn. 1997). As regards Count 2, the issue is closer. Hill still applies to excuse Count 2's failure to allege a culpable mental state, but there is an additional factor. Count 2 states that

> the aforesaid [appellant] did unlawfully and feloniously have carnal knowledge of [the victim], his wife's daughter, contrary to the Statute and against the peace and dignity of the State of Tennessee . . . .

It appears from its language that Count 2 was an attempt to charge the appellant with the crime of incest under a then recently repealed version of Tennessee's incest statute. See Tenn. Code Ann. § 39-4-306(a)(1) (1982) (repealed effective Nov. 1, 1989) (providing that "[n]o man shall marry or have carnal knowledge of his . . . wife's daughter.") However, when the offense charged in Count 2 was committed, the crime of incest was punished by a newly enacted incest statute, which provided that

> (a) A person commits incest who engages in sexual penetration as defined in § 39-13-501, with a person he or she knows to be, without regard to legitimacy:
>
> (1) The person's parent, child, grandparent, grandchild, uncle, aunt, nephew, niece, stepparent, stepchild, adoptive parent [or] adoptive child . . . .

Tenn. Code Ann. § 39-15-302(a), (a)(1) (Supp. 1989). Thus, instead of properly tracking the new statute's language and charging that the appellant had engaged in "sexual penetration" of the victim, Count 2 alleged that the appellant had "carnal knowledge" of the victim. The appellant argues that Count 2's failure to use the statutory term "sexual penetration" instead of the term actually used-- "carnal knowledge"--rendered notice of the charge against him under Count 2 insufficient and, for habeas corpus purposes, Count 2 of the indictment void.

In our analysis of the appellant's argument, we note that sexual penetration, as defined in Tenn. Code Ann. § 39-13-501, means "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the [appellant's], or any other person's body, but emission of semen is not required. . . ." Tenn. Code Ann. § 39-13-501(7) (Supp. 1989). In comparison, though the term "carnal knowledge" was not statutorily defined in 1989, case law provided that

> [t]here is 'carnal knowledge' or 'sexual penetration' in a legal sense if there is the slightest penetration of the sexual organ of the female by the sexual organ of the male. It is not necessary that the vagina be entered or that the hymen be ruptured; the entering of the vulva or labia is sufficient.

Walker v. State, 273 S.W.2d 707, 711 (Tenn. 1954) (citations omitted).

A comparison of the two definitions shows that though "sexual penetration" can encompass various types of penetration, the term "carnal knowledge" refers to only one type of penetration. Though the indictment incorrectly charged the appellant with carnal knowledge of his stepchild, acts amounting to "carnal knowledge" are included in the definition of "sexual penetration." As a result, the appellant was provided with specific notice of the manner in which he had committed the offense for which he was charged.

In addition, we find that Count 2 complied with Tenn. Code Ann. § 40-13-202 (1982), which provides that

> [t]he indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . .

Tenn. Code Ann. § 40-13-202 (1982). In this case, Count 2 supplied the appellant with plain, understandable notice that he was charged with the crime of incest involving his stepchild, in violation of Tennessee law, during a specified period of time. As such, this Court finds Count 2 valid.

V

After thoroughly reviewing the applicable law, we find that Count 1 is not void for failing to allege a culpable mental state. See State v. Hill, 954 S.W.2d 725 (Tenn. 1997). Additionally, Count 2 is valid because the appellant was provided with sufficient notice of the manner in which he committed the offense for which he was charged and because Count 2 complies with the requirements of Tenn. Code Ann. § 40-13-202 (1982). As such, we affirm the Court of Criminal Appeals's denial of the appellant's petition for habeas corpus relief.

Costs of this appeal are taxed to the appellant.