IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief December 29, 2000

## GABRIEL J. ALWIN v. PERCY PITZER, ET AL.

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9169     Jon Kerry Blackwood, Judge**

_____

**No. W1999-00537-COA-R3-CV - Filed March 27, 2001**

_____

An inmate filed a petition for writ of *habeas corpus* alleging that the sentencing court in Wisconsin was without authority to convict on one of the three counts under which he was convicted and that his sentence had expired. The trial court dismissed for failure to state a claim upon which relief can be granted. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Gabriel J. Alwin, *Pro Se*.

No appearance for appellees.

**OPINION**

The appellant, Gabriel J. Alwin, has appealed from an order of the trial court dismissing his petition for writ of *habeas corpus* for failure to state a claim upon which relief can be granted. *See* Rule 12.02(6) T.R.C.P. The complaint alleges that Mr. Alwin is an inmate currently incarcerated within the Whiteville Correction Facility (WCF). It is further alleged that he was convicted in the State of Wisconsin for violations of that state's penal code. Attached as exhibits to the petition are copies of judgments of conviction entered in the Wisconsin court indicating that he was sentenced on January 9, 1995 to a term of five years three months on Count I, nine months on Count III to run consecutive to Count I and four years, sentence withheld probation ordered, on Count II. It is alleged that he was released from confinement when transferred from a Wisconsin correctional facility to the one in which he is presently incarcerated and which is operated by Corrections Corporation of America (CCA), a private prison corporation. It is alleged that "petitioner's parole date was February of 1998." The petition also states that the convicting court was without authority to sentence the defendant.

It is well established that *habeas corpus* relief for a person incarcerated as a result of having been convicted of a crime is limited and available in Tennessee only when the face of the judgment or the record of the proceedings upon which the judgment is rendered reveals that the convicting court was without jurisdiction or authority over the appellant or that appellant's sentence of imprisonment has expired. *See Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If, from the face of the petition the reviewing court finds nothing to indicate that the appellant's challenged convictions might be void or not entitled to any relief, the court shall dismiss the petition and refuse the issuance of the writ. Tenn. Code Ann. § 29-21-109 (1980). *Habeas corpus* proceedings are essentially civil in nature and the rules of civil procedure are applicable where consistent with Tenn. Code Ann. § 29-21-101 *et. seq*. Tenn. R. Civ. P. 12 provides trial courts the authority to dismiss pleadings which fail to state a claim upon which relief may be granted.

Despite the petition's bald allegation that the convicting court in Wisconsin lacked authority, we have reviewed the judgments of conviction attached to the petition and do not find that the face of the judgments reveal that the convicting court was without jurisdiction or authority over the appellant.

*Habeas corpus* relief is the proper remedy when an inmate's sentence has expired. As previously stated, the judgments of conviction indicate that Mr. Alwin was sentenced on January 9, 1995 for a period of five years three months and a period of nine months to run consecutively with the longer sentence, in essence a sentence of six years. The petition for writ of *habeas corpus* was filed in the trial court on September 13, 1999. Therefore, the sentence had not expired. It is alleged in the petition that petitioner's "parole date" is February 1998. The fact that petitioner may have become eligible for parole on that date does not mean that his sentence expired on that date. Prisoners do not have a right to be released from confinement prior to the expiration of their sentence.

Our role at this stage of the proceeding is the same as the trial courts, to examine the petition to determine whether or not a claim is stated for which relief may be granted. Having done so and in view of the law of this state concerning *habeas corpus* relief, we are of the opinion that the order of the trial court dismissing this cause was correct and it is affirmed. The costs of this appeal are taxed to the appellant, Gabriel J. Alwin, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE