IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 18, 2002

## GLENN D. GOLD v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County**
**Nos. 029207, 029387, and 030610    John H. Gasaway, III, Judge**

---

**No. M2001-02759-CCA-R3-CO - Filed December 20, 2002**

---

Glenn D. Gold[1] appeals from the Montgomery County Circuit Court's dismissal of his *pro se* petition in which he seeks post-conviction, *habeas corpus*, and *coram nobis* relief. Because his attempts to receive post-conviction and *coram nobis* relief are untimely and his attempt for *habeas corpus* relief does not state a claim cognizable in that type of action, we affirm the lower court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., joined. ROBERT W. WEDEMEYER, J., not participating.

Glenn D. Gold, *Pro Se.*

Paul G. Summers, Attorney General & Reporter; Helena Walton Yarbrough, Assistant Attorney General; John Carney, District Attorney General; and Jennifer L. Smith, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

According to the *pro se* petition filed in this case, the petitioner is serving a federal sentence of life plus five years for various federal drug and firearm offenses. The petitioner's federal sentence was enhanced based upon prior state convictions. Although the petitioner has not included some of the judgments for his prior state convictions in the record, he alleges they are as follows:

(1)    Misdemeanor assault, May 8, 1989, sentence of eleven months, 29 days;
(2)    Simple possession, May 25, 1990, no sentence specified;[2]
(3)    Attempted sale of controlled substance, January 14, 1992, four years; and

---

[1] At least one of the petitioner's convictions is under the name Glendale Gold.

[2] A federal presentence report contained in the record indicates an eleven-month, 29-day sentence for this conviction.

(4)     Delivery of controlled substance, November 23, 1992, four years.

The petitioner seeks relief from these convictions on various bases. First, he claims that his guilty pleas were in violation of his Fifth and Fourteenth Amendment rights because he was not advised of his constitutional rights prior to entering the pleas. Particularly, he is aggrieved that he was not advised of the possibility of future federal sentence enhancement based upon these state convictions. Second, he claims that two of the indictments are insufficient because they do not allege a quantity of drugs. These allegations pertain to the two 1992 drug convictions. Finally, he complains that he was not provided the effective assistance of counsel in the guilty plea proceedings in that counsel failed to advise him in each instance of his constitutional rights.

Upon receiving the petition, the lower court summarily dismissed it without a hearing and without making any findings as to the basis of the dismissal. The petitioner thereafter filed this appeal.

The issue before us is whether the lower court's summary dismissal was proper. For the reasons that follow, we hold that it was.

To the extent that the petition seeks relief from a void or voidable judgment under the auspices of the Post-Conviction Procedures Act, it is untimely. Actions thereunder must be brought within one year of the affected judgment's finality. *See* Tenn. Code Ann. § 40-30-202(a) (1997). Although there are certain exceptions to the statute of limitations, the petitioner has not demonstrated that he is entitled to otherwise untimely consideration of his claims. *See id.* § 40-30-202(b) (1997); *see also id.* § 40-30-201 (1997) (Compiler's Notes); *Joy Nelson v. State*, No. W1999-01885-CCA-R3-PC (Tenn. Crim. App., Jackson, Dec. 20, 1999).

Likewise, to the extent that the petitioner seeks the benefit of a writ of error *coram nobis*, his claim is time barred. The statute of limitations for that form of relief is likewise one year from a judgment's finality. *See* Tenn. Code Ann. § 27-7-103 (2000). Moreover, the petitioner has not demonstrated the applicability of any basis upon which he might be excused from the statute of limitations bar. *See generally Workman v. State*, 41 S.W.3d 100 (Tenn. 2001) (due process may toll statute of limitations where petitioner facing death penalty seeks to present claim of newly discovered evidence). Additionally, we are compelled to note that none of the issues raised by the petitioner falls within the general framework for *coram nobis* relief. *See generally* Tenn. Code Ann. § 40-26-105 (1997) (writ of error *coram nobis* available for "subsequently or newly discovered *evidence* relating to matters which were litigated at the trial") (emphasis added).

The only remaining avenue for relief, then, is by petition for writ of *habeas corpus*. The writ addresses detentions that result from void judgments or expired sentences. *See Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The only claim that the petitioner has raised which might potentially warrant *habeas corpus* relief is that of the sufficiency of the indictments in the two 1992 drug cases. The claim of a void indictment is an attack upon the trial court's jurisdiction and is justiciable in an action for *habeas corpus* relief. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000);

*Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998) (*habeas corpus* relief appropriate if indictment is so deficient as to deprive trial court of jurisdiction). Our review is *de novo*. *Hart*, 21 S.W.3d at 903 ("whether to grant the petition [for *habeas corpus* relief] is a question of law that we review *de novo");  State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (question of law reviewed on appeal *de novo*).

Unfortunately for the petitioner, his claim must fail. In *State v. Pettus*, 986 S.W.2d 540 (Tenn. 1999), our supreme court rejected a similar claim of a defendant who pleaded guilty to Class B felony cocaine possession pursuant to an indictment that failed to specify the quantity possessed. When the defendant's Community Corrections sentence was later revoked, he then claimed that because the indictment had not alleged the quantity possessed, his Class B sentence was illegal. *Id.* at 542. He posited that he could be punished for possessing no more than the quantity required for a Class C felony, a Class C felony being the least offense proscribed by the relevant statute. *Id.* In rejecting the defendant's claim, the supreme court relied upon well-settled law regarding the effect of guilty pleas on defects and irregularities in the charging instrument. *See id.* In the words of the court, "[T]he voluntary entry of an informed and counseled guilty plea constitutes an admission of all facts necessary to convict and waives all non-jurisdictional defects and constitutional irregularities which may have existed prior to the entry of the guilty plea." *Id.* The court found this law controlling of the defendant's challenge to the legality of his sentence. *Id.*; *see also State v. Ralph Cedrick Allen*, No. 01C01-9612-CC-00538 (Tenn. Crim. App., Nashville, Mar. 5, 1998).

We believe this law is equally controlling of the petitioner's attempt to obtain *habeas corpus* relief in the instant case. By the petitioner's own admission, his drug convictions resulted from his guilty pleas. His allegations further reveal that he was represented by counsel on these offenses. By entry of his guilty pleas, he admitted the facts required to support a conviction and waived all non-jurisdictional defects and irregularities in the charges.[3] Pursuant to *Pettus*, any irregularities in the  complained-of indictments were not jurisdictional. Having chosen the guilty pleas, petitioner cannot now complain that the indictments did not specify the amount of drugs possessed.

For all of these reasons, we affirm the lower court's dismissal of the petition.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[3]The transcripts of the petitioner's guilty pleas are not contained in the record. However, signed guilty plea agreements and orders accepting the guilty pleas are part of the technical record.