IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2003

## CHRISTOPHER A. JOHNSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 239056    Douglas A. Meyer, Judge**

---

**No. E2002-01208-CCA-R3-PC**
**May 16, 2003**

---

In his pro se appeal, Petitioner, Christopher Johnson, seeks to reverse the trial court's dismissal of his petition for a writ of habeas corpus. In the petition, he contends that his sentence for second degree burglary has expired. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Christopher A. Johnson, Chattanooga, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; and William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner filed a petition for a writ of habeas corpus in the Hamilton County Criminal Court alleging that his ten-year sentence for second degree burglary had expired. His calculations include pretrial jail credits resulting from Petitioner's custody from September 22, 1984 through November 15, 1988, sentence reduction credits, and actual time served. Petitioner attached a copy of the judgment in case number 159478 which shows that he was convicted on May 12, 1987, and the trial court sentenced him to ten years as a Range II persistent offender. In its judgment, the convicting court determined that Petitioner was entitled to pretrial jail credits commencing with the date of his custody on September 22, 1984. The judgment also ordered Petitioner's sentence to run consecutively to case number 159477, but Petitioner did not attach a copy of the judgment for that offense to his petition. On April 22, 2002, the trial court dismissed the petition for a writ of habeas corpus without an evidentiary hearing and without including findings of fact.

In his appeal, Petitioner argues that it is clear from the face of the judgment that his sentence has expired. The State points out that Petitioner's calculations fail to take into account the fact that

the challenged sentence runs consecutively to Petitioner's prior sentence in case number 159477. As a result, the State argues that Petitioner has failed to establish a commencement date for case number 159478, and it does not appear from the face of the judgment that Petitioner's sentence in case number 159478 has expired.

In his reply brief, Petitioner still does not attach the judgment in this first case, but argues that the sentence in case number 159477 expired in May 1995. When Petitioner recalculates his ten-year sentence based on a commencement date of 1995 instead of 1988, Petitioner argues that his second sentence has still expired after applying the pretrial jail credits and sentence reduction credits to which he claims he is entitled.

We note initially that the grounds upon which a writ of habeas corpus may be issued are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the Petitioner, or the Petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." *McLaney*, 59 S.W.3d at 93. The Petitioner has the burden of showing that his or her sentence has expired by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superceded by statute as stated in State v. Seven S. Newman*, No. 02C01-9707-CC-00266, 1998 Tenn. Crim. App. LEXIS 282, at *2 n.2 (Tenn. Crim. App., Jackson, Mar. 11, 1998). Because the determination of whether habeas corpus relief should be granted is a question of law, our review is *de novo* with no presumption of correctness. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

We agree with the State that the face of the judgment submitted by Petitioner fails to establish that his sentence has expired. Although Petitioner in his reply brief insists that his fifteen-year sentence for the other offense is irrelevant, Petitioner is serving these sentences one at a time in series. That is, under consecutive sentencing, Petitioner must serve the appropriate amount of time on his fifteen-year sentence and then he will begin to serve his ten-year sentence, which is the subject of his habeas corpus petition. *Howell v. State*, 569 S.W.2d 428, 431-32 (Tenn. 1978).

Petitioner fails to mention in either his briefs or petition for a writ of habeas corpus that the Tennessee Court of Appeals has already addressed the proper application of pretrial jail credits to his sentences in *Johnson v. Tennessee Department of Correction*, Appeal No. 01-A-01-9602-CH-00064, 1996 WL 442740 (Tenn. Ct. App., Nashville, August 7, 1996), perm. to appeal denied (Tenn. 1996). Borrowing from the facts recited by the court of appeals, Petitioner was first arrested for first degree burglary, case number 159477, on September 21, 1984. Upon conviction, Petitioner was sentenced to fifteen years for that offense. On May 12, 1987, Petitioner was convicted of second degree burglary, case number 159478, and sentenced to ten years, the sentence Petitioner now contends has expired. The two sentences were ordered to run consecutively for an effective sentence of twenty-five years. Because Petitioner remained in the Hamilton County Jail throughout his two

trials, he received 1,321 days of pretrial jail credits which the Department of Correction applied toward his fifteen-year sentence. *Id.* at *1.

In the case before the court of appeals, Petitioner sought to apply the same pretrial jail credits for the time he was in custody to both his ten-year sentence and his fifteen-year sentence because each trial court's judgment essentially referenced the same credits. The court of appeals determined that Petitioner had received all the benefits he was entitled to when the pretrial jail credits were applied to his fifteen-year sentence. In so doing, the court noted that if it "were to accept [Petitioner's] ingenious argument, he would receive two days of penitentiary credit for each day spent in the Hamilton County Jail," an interpretation that would essentially reward those facing multiple trials over those tried for only one conviction. *Id.*

Petitioner now seeks a different conclusion in a different forum. However, this issue has already been litigated and determined adversely to Petitioner. The pretrial jail credits applied to Petitioner's sentence in case number 159477 are not available to reduce Petitioner's sentence in case number 159478. Even assuming that Petitioner's sentence in case number 159477 expired in 1995 as Petitioner states, Petitioner's sentence in case number 159478 would not expire until 2005 without considering any sentence reduction credits.

Petitioner has failed to show that his sentence for second degree burglary has expired.

## CONCLUSION

Accordingly, we affirm the trial court's dismissal of Petitioner's petition for a writ of habeas corpus.

_____
THOMAS T. WOODALL, JUDGE