IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 10, 2004

## DARRON CLAYTON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27098   Authur T. Bennett, Judge**

---

**No. W2003-01473-CCA-R3-HC  - Filed March 29, 2004**

---

A Shelby County jury convicted the Petitioner, Darron Clayton, of second degree murder, and the trial court imposed a twenty-year sentence.  On appeal, this Court affirmed the conviction and the sentence, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal.  The Petitioner filed a <u>pro se</u> petition for writ of habeas corpus, and the trial court dismissed the petition without a hearing.  Three months later, the Petitioner filed a second petition for writ of habeas corpus raising the same issues as in his first petition, and the trial court again dismissed the petition.  On appeal, the Petitioner contends that the trial court erred in dismissing his petition because his sentence is illegal.  Finding no reversible error, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Darron Clayton, <u>Pro se</u>.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Thomas E. Williams, III, Assistant Attorney General; William L. Gibbons, District Attorney General; and Julie B. Mosley, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

The Petitioner was convicted of second degree murder after a jury found that he beat his girlfriend to death, and the trial court found that the Petitioner was a Range I offender and sentenced him to twenty-years in prison.  <u>State v. Darron Clayton</u>, No. 02C01-9304-CR-00071, 1998 WL 409914, at *1 (Tenn. Crim. App., at Jackson, July 23, 1998), *perm. app. denied* (Tenn. Feb. 16, 1999).  This Court affirmed both the conviction and the sentence.  <u>Id.</u> at 25.  On February 11, 2003, the Petitioner filed a petition for a writ of habeas corpus in the Shelby County Criminal Court alleging that his sentence was illegal because the trial court did not apply any enhancement factors

when it sentenced him. The trial court dismissed the petition without a hearing, finding that the Petitioner's judgment and sentence were valid. The Petitioner did not appeal the trial court's order. Three months later, the Petitioner filed a second petition for a writ of habeas corpus raising the same issues as in his first petition, and the trial court again dismissed the petition, finding that it dismissed the Petitioner's first petition based upon the same issues and that the Petitioner's sentence was valid. The Petitioner appeals from this order.

## II. Analysis

On appeal, the Petitioner contends that the trial court erred in dismissing his petition for writ of habeas corpus because his sentence is illegal. Article I, section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief. In Tennessee, a "person imprisoned or restrained of [his or her] liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101 (2000). The grounds upon which habeas corpus relief will be granted are very narrow. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). "Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Therefore, in order to state a cognizable claim for habeas corpus relief, the petition must contest a void judgment. Id. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment . . . . A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993)). Thus, a writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence a defendant, or that the sentence of imprisonment or other restraint has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62.

The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superceded by statute as stated in* (State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998), *no perm. app. filed.* Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. It is permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Passarella, 891 S.W.2d at 627; Rodney Buford v. State, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001). Because the determination of whether habeas corpus relief should be granted is a question of law, our review is de novo with no presumption of correctness. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

The Petitioner contends that his sentence is illegal because the trial court enhanced his sentence above the presumptive minimum without applying any enhancement factors. The

Petitioner's judgment reflects that the Petitioner received a Range I, twenty-year sentence following his conviction for second degree murder, a Class A felony. This sentence is not facially invalid because the Petitioner was eligible for a sentence ranging from fifteen to twenty-five years as a result of his conviction. Tenn. Code Ann. § 40-35-112(a)(1) (1990). Under the sentencing statute in effect at the time of the Petitioner's sentencing, the presumptive sentence for a conviction was the minimum in the range unless enhancement factors were present. Tenn. Code Ann. § 40-35-210(c) (1990). This Court affirmed the Petitioner's twenty-year sentence because we found that the trial court properly applied two enhancement factors: (1) the Petitioner had a history of criminal behavior; and (2) the Petitioner treated the victim with exceptional cruelty. Darron Clayton, 1998 WL 409914, at *23-24. This Court also found that no mitigating factors applied to the Petitioner's case. Id. at *24. The Petitioner's argument that his sentence is illegal because there was no evidence of any enhancement factors and the trial court did not apply any enhancement factors is completely without merit. Accordingly, we conclude that the trial court did not err in dismissing the petition because the Petitioner's judgment and sentence are valid.

### III. Conclusion

In accordance with the foregoing authorities and reasoning, we AFFIRM the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

-3-