IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 7, 2005

**GERALD BUCHANAN v. GLEN TURNER, WARDEN
and the STATE OF TENNESSEE**

**Appeal from the Circuit Court for Hardeman County
No. 9754     Jon Kerry Blackwood, Judge**

---

**No. W2004-02849-CCA-R3-HC  - Filed August 31, 2005**

---

The petitioner, Gerald Buchanan, appeals the Hardeman County Circuit Court's summary dismissal of his petition for habeas corpus relief from his conviction for first degree murder and resulting sentence of life imprisonment. He claims his judgment of conviction is void because it classifies his release eligibility status as thirty percent in violation of our statutory sentencing scheme. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Gerald Buchanan, Whiteville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the defendant's plea bargain for first degree murder. On February 1, 1990, the Criminal Court of Shelby County accepted the defendant's guilty plea and sentenced him to life imprisonment in the Department of Correction. Subsequently, the petitioner filed a motion for post-conviction relief which the trial court dismissed. This court affirmed the trial court's dismissal on appeal. See Gerald Andre Buchanan v. State, No. 02C01-9210-CR-00226, Shelby County (Tenn. Crim. App. Nov. 10, 1993).

On September 10, 2004, the petitioner filed a petition for habeas corpus relief alleging that his judgment of conviction is void because the release eligibility date listed on the judgment of conviction is in direct contravention of the statute in effect at the time of his sentencing. On October 19, 2004, the trial court entered an order dismissing the petition for failure to state a claim.

On appeal, the defendant contends that the trial court erred in summarily dismissing his petition. He claims his judgment of conviction is void because the sentence was imposed in direct contravention of the sentencing statute. He contends that the statute in effect at the time of his sentencing mandated that a life sentence for first degree murder was sixty years with a sixty percent release eligibility date and that because his judgment of conviction lists his release eligibility date as thirty percent, it is in direct contravention of the statute and therefore void. The state claims that although the judgment of conviction erroneously lists a release eligibility date of thirty percent, it is only a clerical error which can be corrected at any time.

The trial court may summarily dismiss a petition for writ of habeas corpus relief when the petitioner does not state a cognizable claim. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A petition for the writ of habeas corpus may only be brought if the judgment is void or the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). However, if the claimed illegality renders the judgment or sentence voidable, rather than void, no relief can be granted. Id. at 161. "If the face of the record shows that the court did not have jurisdiction, then the judgment is void." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). The determination of whether relief should be granted is a question of law which this court reviews de novo. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

Initially, we note the petitioner's judgment of conviction is devoid of a specified release eligibility date, but it does reflect a notation that the petitioner is a standard offender. However, we conclude that the notation on the judgment of conviction indicating the petitioner is a standard offender is superfluous as the petitioner indeed was a standard offender, although irrelevant for a first degree murder conviction. The judgment of conviction is not void, and the petitioner is not entitled to relief. In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, JUDGE