# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs March 27, 2007

## MATTHEW LEE ROGERS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Johnson County**
**No. 4918    Lynn W. Brown, Judge**

---

### No. E2006-02197-CCA-R3-HC - Filed April 25, 2007

---

The Petitioner, Matthew Lee Rogers, appeals the judgment of the habeas court denying his petition for habeas corpus relief. After reviewing the record and applicable law, we note that this Petitioner was recently granted a new trial on direct appeal, and his grounds for habeas corpus relief are now moot. Thus, we find no error in the judgment of the habeas court and affirm the denial of the habeas corpus petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and J.C. MCLIN, JJ., joined.

Matthew Lee Rogers, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Tony Clark, District Attorney General for the Appellee, the State of Tennessee.

## OPINION

This appeal arises from a denial of a petition for habeas corpus relief by the habeas court. The Petitioner, in his habeas petition, alleged that his sentence for aggravated arson was illegal, his trial counsel was ineffective, and the jurors at his trial were erroneously allowed to consult a dictionary to define "structure." The habeas court denied his petition, in part, because there was no judgment attached to the petition upon which to find illegality. On appeal, the Petitioner has attached his judgment, and he reasserts the claims made at the habeas court level. In response, the State addresses the claims on the merits, and, additionally, notes that the Petitioner was recently granted a new trial by this Court on direct appeal. See State v. Matthew Lee Rogers, No. E2005-01142-CCA-R3-CD, 2006 WL 2716870, at *8 (Tenn. Crim. App., at Knoxville, Sept. 25, 2006).

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Although the right is guaranteed in the Tennessee Constitution, the right is governed by

statute. T.C.A. § 29-21-101 (2006) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. <u>Hart v. State</u>, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory time limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. <u>Taylor v. State</u>, 995 S.W.2d 78, 83 (Tenn. 1999). A Petitioner can request relief when he is "imprisoned or restrained of liberty, under any pretense whatsoever" and "may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101.

Because the Petitioner's original conviction was reversed and remanded, he is no longer serving a sentence or in confinement pursuant to that judgment. His allegations of error stemming from that conviction and sentence are moot, and, therefore, he is not entitled to habeas corpus relief.

In accordance with the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE