IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 15, 2011

## ALANDA D. HAYES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Johnson County**
**No. 5663    Lynn W. Brown, Jr., Judge**

_____

**No. E2010-01720-CCA-R3-HC - Filed April 28, 2011**

_____

The Petitioner, Alanda D. Hayes, brought the present petition for habeas corpus relief in the Johnson County Criminal Court, challenging the legality of the sentences he received in five separate cases. The habeas corpus court dismissed the petition without a hearing. On appeal, the Petitioner contends that the habeas corpus court erred when it dismissed his petition because he was sentenced in contravention of the 1989 Sentencing Act and that, as such, his sentences are void. Having thoroughly reviewed the record and applicable authorities, we conclude the habeas corpus court properly dismissed the petition. We therefore affirm the habeas corpus court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Alanda D. Hayes, Pro se, Mountain City, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General, and Anthony Wade Clark, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I. Facts & Procedural History

On the first page of the Petitioner's petition for habeas corpus relief, he lists the following cases as the subjects of his habeas corpus petition: S286034, S496179, S49621, S51512, and S51394. In his petition, the Petitioner argues that, because he was sentenced

under "dual" sentencing acts, the 1989 Sentencing Act and the Drug Free School-Zone Act, one of his sentences is void. The Petitioner does not, however, cite to which of his cases he alleges imposed the illegal sentence. Further, he attached only the judgments entered in cases S49621 and S51394 to his petition. Based on these judgments, the Petitioner appears to have pled guilty in case S49621 to one count of possession of cocaine and agreed to an eight-year sentence. In case S51394, the Petitioner appears to have pled guilty to conspiracy to possess cocaine within a school zone and two counts of the sale of cocaine and agreed to another eight-year sentence. The judgment form setting out his conviction for conspiracy to possess cocaine within a school zone provides that, because he is a "School Zone" offender, he must serve the "mandatory minimum sentence length" of eight years. Finding that "[n]othing in the petition would support a finding . . . that [the Petitioner's] conviction is void or that his sentence has expired," the habeas corpus court dismissed the petition. It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends the habeas court incorrectly dismissed his petition for habeas corpus relief, arguing that "it was error to enhance his punishment using the Drug-Free School-Zone Act" because section 40-35-114 of the 1989 Sentencing Act sets out the "exclusive factors" by which a trial court may enhance a defendant's sentence. The Petitioner does not specify which conviction or case he is addressing, noting only that his punishment should have been "both consolidated and reduced to the 'minimum' of eight-year's punishment, and, as a range-I offender, to be served at 30%."

The State responds first that the habeas corpus court correctly dismissed the Petitioner's petition because he failed to comply with the strict procedural requirements of Tennessee Code Annotated section 29-21-107(b) by failing to provide the judgments entered in three of the cases upon which the Petitioner based his petition for habeas corpus relief. The State further argues that the Petitioner would in no case be entitled to habeas corpus relief because the Tennessee Code specifically authorizes the sentence received by the Petitioner in this case.

### A. Procedural Compliance

While the right to petition for a writ of habeas corpus is guaranteed by article I, section 15 of the Tennessee Constitution, the procedure for petitioning is statutory and found, in part, at Tennessee Code Annotated section 29-21-107. One of the statutory requirements for a writ of habeas corpus is to annex a copy of the judgment form at issue. T.C.A.§ 29-21-107(b)(2) (2009). Without a copy of the judgment, the habeas court does not have a complete basis upon which to review the judgment for voidness. Moreover, the Tennessee

2

Supreme Court stressed the importance of the inclusion of all required documents when it held that "without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." *Archer*, 851 S.W.2d at 165.

In this case, the Petitioner did not include a copy of each of the judgments corresponding to three of the cases listed in his petition for habeas corpus relief (cases S286034, S496179, and S51512). Due both to the absence of the judgments in three of the cases listed in the petition and to the Petitioner's failure in his brief to identify the case numbers and convictions to which he addressed his objection, this Court is unable to properly determine whether the judgments corresponding to these three cases are void on their face. Because the Petitioner failed to "scrupulously" follow the procedural provisions of the habeas corpus statute, the habeas corpus court properly dismissed the petition with respect to these claims. *See* T.C.A. § 29-21-107(b)(2).

The Petitioner's failure to include judgments corresponding to cases S286034, S496179, and S51512 in his petition precludes our review of the Petitioner's claims with respect to these cases. This failure, however, does not affect our ability to address the Petitioner's claim with respect to case S51394 because the Petitioner included a copy of a judgment in that case that clearly shows that the Petitioner was convicted of possession of cocaine within a school zone and sentenced under the Drug-Free School Zone Act to a mandatory minimum sentence length. Though the Petitioner would have been well served to cite to this case number in the argument sections of his petition and brief, we infer that the Petitioner intended to address his argument that he was sentenced under dual sentencing statutes to his conviction in case S51394, at least in part. Because the judgment in case S49621 does not indicate that the Defendant was sentenced in case S49621 under the Drug Free School Zone Act, the Petitioner's arguments on appeal do not appear to concern his convictions in case S49621.

### B. Merits of the Petitioner's Claim Regarding Case S51394

The Petitioner asserts that the plea agreement he entered into with the State whereby he agreed to be sentenced to eight years under the Drug-Free School Zone Act was illegal because a sentence may not be enhanced based upon a factor outside of those enhancement factors listed in the 1989 Sentencing Act.

The right to seek habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution and governed by statute. *See* T.C.A. § 29-21-101 (2006) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law and is accordingly reviewed de novo. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there are no statutory limits preventing a habeas corpus petition, the grounds upon which

3

relief may be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The petitioner bears the burden of demonstrating by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds for granting habeas corpus relief are (1) the judgment was facially invalid and therefore, void because the convicting court was without jurisdiction or authority to sentence the defendant, or (2) the petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In contrast, a voidable judgment is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity," and it does not entitle the petitioner to relief. *Taylor*, 995 S.W.2d at 83; *see State v. Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

In the Drug Free School Zone Act, the Legislature created a specific sentencing provision precluding early release on any basis for defendants convicted of dealing drugs within a school zone. T.C.A. § 39-17-432 (2003). The Act "declare[s] specifically and unambiguously that defendants being sentenced for committing drug offenses in a school zone shall serve the entire minimum term of years in the defendant's sentencing range, without regard to parole eligibility or sentence reduction credits." *Davis v. State*, 313 S.W.3d 751, 763 (Tenn. 2010).

In case S51394, the Petitioner pled guilty to conspiracy to possess cocaine within a school zone and agreed to receive an eight-year sentence. The judgment form reflecting this conviction provides that, because the Petitioner is a "School Zone" offender, he must serve the "mandatory minimum sentence length" of eight years.

Because the Petitioner was convicted in case S51394 of conspiracy to possess cocaine within a school zone, the Petitioner's plea-bargained sentence lawfully was imposed pursuant to the Drug Free School Zone Act. *See* T.C.A. § 39-17-432. The Petitioner failed to demonstrate that his sentence was illegal; thus, we conclude that the Petitioner's sentence was not "facially invalid" or "void." *See Archer*, 851 S.W.2d at 164. As such, he is not entitled to habeas corpus relief.

### III. Conclusion

After a thorough review of the record and applicable authorities, we conclude that the habeas corpus court properly dismissed the petition for habeas corpus relief. Accordingly, we affirm the habeas corpus court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

4