# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 23, 2013

## HAROLD HOLLOWAY v. DAVID SEXTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 6133     Robert E. Cupp, Judge**

_____

**No. E2012-02451-CCA-R3-HC - Filed July 24, 2013**

_____

In an indictment returned by the Hamilton County Grand Jury, Petitioner, Harold Holloway, Jr., was charged in count 1 with felony murder during the perpetration of, or attempt to perpetrate, a theft. He was also charged in count 2 with felony murder committed in the perpetration of, or attempt to perpetrate robbery. Additional counts alleged offenses which are not pertinent to this case on appeal. Following a jury trial, he was found guilty of second degree murder in both counts which charged felony murder. The conviction in count 2 was merged with the conviction in count 1. On direct appeal, this court affirmed the murder conviction. *State v. Harold Holloway, Jr.*, No. E2004-00882-CCA-R3-CD, 2005 WL 1981791 (Tenn. Crim. App. Aug. 16, 2005). Petitioner now appeals from the trial court's order dismissing his petition for habeas corpus relief without an evidentiary hearing. The habeas corpus petition alleged that Petitioner was entitled to relief because (1) each count of the indictment that charged felony murder was invalid, and therefore led to a void judgment because it failed "to include the statutory element of specific 'intent' for the underlying offense;" and (2) the convicting criminal court erroneously amended the felony murder counts of the indictment with its jury charge. After review of the briefs, the record, and the applicable law, we affirm the judgment of the trial court in this case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J. and NORMA MCGEE OGLE, J., joined.

Harold Holloway, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Anthony Wade Clark, District Attorney General; and Lila Cox, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Each felony murder count of the indictment had the same language in it except as to the underlying felony offense, which was theft in count 1 and robbery in count 2. Count 1 alleges as follows:

> That [Petitioner], alias . . . heretofore on June 29, 2000, in the County aforesaid, did unlawfully kill Bradley Huskey during the perpetration of or attempt to perpetrate a theft, in violation of Tennessee Code Annotated section 39-13-202, against the peace and dignity of the State.

In habeas corpus proceedings, a petitioner must establish a *void* judgment or illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A trial court may summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if the face of the record or judgment fails to indicate that the convictions or sentences are void. Tenn. Code Ann. § 29-21-109(2000); *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005). We review de novo without a presumption of correctness the trial court's decision to dismiss a petition for writ of habeas corpus. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). The attack of a judgment that is at most *voidable*, but not void, is not cognizable in a habeas corpus proceeding. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A "voidable" judgment is one that appears facially valid and would require introduction of proof beyond the face of the record or judgment to determine its deficiency. *Id.*

As to Petitioner's first claim, it is without merit. In a recent case with an almost identical fact situation, this court held,

> Since petitioner was indicted for felony murder committed during the commission of especially aggravated robbery, the requisite intent can be gleaned from the robbery statute. That statute defines robbery as: "[t]he *intentional* or *knowing* theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a)(1991) . . . . Because the indictment set forth the specific underlying felony supporting the felony murder charge, the requisite mental state was easily obtainable by reviewing the robbery statute, providing adequate notice to petitioner of the charge against him.

*Milton Lee Cooper v. Howard Carlton, Warden*, No. E2011-00783-CCA-R3-HC, 2012 WL 1523960, at *3 (Tenn. Crim. App. April 30, 2012).

The indictment charged Petitioner with alternative counts of felony murder, one in the perpetration of or attempt to perpetrate theft, and the other in the perpetration of or attempt to perpetrate robbery. Petitioner had adequate notice of the charge against him. The indictment was therefore valid, and thus so is the judgment. Petitioner is not entitled to relief on this ground.

As in the case *sub judice*, the petitioner in *Milton Lee Cooper* also alleged that he was entitled to habeas corpus relief because the trial court constructively amended the indictment with its jury instructions. This court concluded that the petitioner in that case was not entitled to relief, holding that "adhering to our long standing precedent, petitioner's allegations regarding erroneous jury instructions would render his conviction merely voidable, not void, and as such, provide no grounds for habeas corpus relief." *Id.*, at *5. Petitioner is not entitled to relief on this ground.

In conclusion, we determine that Petitioner is not entitled to relief in this appeal. The judgment of the trial court dismissing the habeas corpus petition is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-3-