# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs at Knoxville April 23, 2014

## JONATHON C. HOOD v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Franklin County**
**Nos. 17294 & 17295      Buddy D. Perry, Judge**

---

**No. M2013-01655-CCA-R3-HC - Filed May 6, 2014**

---

Petitioner, Jonathon C. Hood, appeals from the summary dismissal of his petition for writ of habeas corpus. On appeal, he contends that he is entitled to habeas corpus relief from the imposition of ongoing punishment in the form of fines. Following our review, we affirm the judgment of the habeas corpus court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals**

ROGER A. PAGE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Jonathon C. Hood, Decherd, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle L. Consiglio-Young, Assistant Attorney General; James Michael Taylor, District Attorney General; and Steven M. Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Petitioner, Jonathon C. Hood, pleaded guilty to two counts of driving under the influence, fifth offense, on April 26, 2007. He was sentenced as a Range II, multiple offender, to an effective sentence of five years, with one year to serve and the remainder suspended to probation under Drug Court supervision. The trial court also imposed fines totaling $6000. Petitioner filed the instant petition for writ of habeas corpus on May 15,

2013. The habeas corpus court summarily dismissed the petition in a written order filed July 31, 2013, *nunc pro tunc* June 27, 2013.[1] Petitioner now appeals from the summary dismissal.

Petitioner argues that he is entitled to habeas corpus relief from "ongoing criminal punishment, in the form of fines." He contends that when his sentences expired, his judgments became void and, thus, that his having to continue to pay fines is an impermissible restraint on his liberty. Habeas corpus relief is available to a petitioner only in the limited circumstances when the judgment is void on its face or the petitioner's sentence has expired. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Petitioner is not presently incarcerated in the cases underlying his petition, and his judgments are facially valid. However, he claims that the continuing imposition of fines and the resulting hardships related to the payment of his fines constitute a restraint on his liberty. This court has previously reasoned that habeas corpus relief is not available when a petitioner has been assessed a fine but is not incarcerated:

> The assessment of a fine upon a defendant does not constitute imprisonment or restraint within the meaning of [Tennessee Code Annotated section 29-21-101]. Moreover, the issue of a fine has no application to the question of whether the trial court was without jurisdiction to sentence the defendant or that the defendant's sentence has expired.

*John Haws Burrell v. Howard Carlton, Warden*, No. E2004-01700-CCA-R3-HC, 2005 WL 544732, at *2 (Tenn. Crim. App. March 8, 2005). Thus, petitioner has not presented a proper basis for habeas corpus relief.

This case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. The judgment was rendered "in a proceeding before the trial judge without a jury" and was not a determination of guilt. Tenn. Ct. Crim. App. R. 20. Furthermore, the evidence does not preponderate against the habeas corpus court's findings, and "[n]o error of law requiring reversal . . . is apparent on the record." *Id.*

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
ROGER A. PAGE, JUDGE

---

[1] The habeas corpus court's order summarily dismissing the petition indicates that there was a motion hearing in the matter on June 27, 2013; however, the appellate record does not contain a transcript of that hearing.