IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 15, 2004

## RANDY D. HURLEY v. HOWARD CARLTON, WARDEN

**Direct Appeal from the Criminal Court for Johnson County**
**No. 4303     Lynn W. Brown, Judge**

**No. E2004-00381-CCA-R3-HC - Filed July 12, 2004**

The petitioner appeals the trial court's dismissal of his petition for writ of habeas corpus. We agree with the habeas court that the petitioner has failed to state a facially valid claim for habeas corpus relief. We affirm the habeas court's dismissal of the petitioner's application for the writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

Randy D. Hurley, Mountain City, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter, and Brent C. Cherry, Assistant Attorney General, for the appellee, Howard D. Carlton, Warden.

## OPINION

The petitioner, Randy D. Hurley, appeals the Johnson County Criminal Court's dismissal of his petition for writ of habeas corpus. A Cocke County jury found the petitioner guilty of premeditated first degree murder, felony murder, and armed robbery. State v. Hurley, 876 S.W.2d 57, 60 (Tenn. 1993). He was sentenced to death on each of the murder convictions and to a consecutive sentence of twelve years for the armed robbery conviction. Id. On appeal, the Tennessee Supreme Court held that the trial court erred in imposing two death sentences for the murder of one individual. "There was only one first-degree murder, and there should be only one punishment. Therefore, we affirm the conviction for premeditated first degree murder and for armed robbery. The conviction for felony murder is vacated and set aside." Id. at 70.

The petitioner filed a petition for writ of habeas corpus claiming that the judgments are void because "[the petitioner] was twice placed in jeopardy, was denied his right to a jury trial i.e., denied a valid legal/constitutional jury verdict on the charges, was denied due process, substantive and procedural, and equal protection of the law, and has suffered from the imposition of cruel and

unusual punishment." The State filed a motion to dismiss, arguing that the petitioner had failed to state a facially valid claim for habeas corpus relief. The habeas court granted the motion and dismissed the petition.

The petitioner now appeals the habeas court's dismissal of his petition and contends that the actions of the Tennessee Supreme Court vacating the felony murder conviction and affirming the conviction for premeditated murder violated his right to a trial by jury. When reviewing a petition for habeas corpus relief, the determination of whether relief should be granted is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Thus, this Court's review is *de novo* with no presumption of correctness given to the findings of the court below. Id. The grounds upon which habeas corpus relief is warranted are decidedly narrow. The writ will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A habeas corpus petition may be used to challenge judgments that are void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Id. (citations omitted). By contrast, a voidable conviction or sentence is one which is facially valid and thus requires proof beyond the face of the record or judgment to establish its invalidity. Id. The burden of proof that the judgment or sentence is "void," rather than "voidable," rests with the petitioner. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may dismiss the petition without a hearing. Archer, 851 S.W.2d at 164.

The record before us contains certified copies of two judgments submitted by the petitioner, one for the offense of first degree murder and one for the offense of armed robbery. The judgments were entered on December 7, 1998, and indicate that the petitioner received a sentence of life for the murder conviction and sixteen years for the armed robbery conviction.[1] The judgments submitted by the petitioner, along with his petition for habeas corpus relief, do not concern the actions by the Tennessee Supreme Court in their 1993 opinion. The judgments before us appear valid on their face. Therefore, based upon the foregoing reasoning and the record as a whole, we affirm the habeas court's dismissal of the petitioner's application for the writ of habeas corpus.

_____
JOHN EVERETT WILLIAMS, JUDGE

---

[1] The record before us is devoid of any explanation as to why the original sentences have been modified. Upon further research of court records, we have found that, following the filing of a post-conviction petition, an agreement was made between the petitioner and the State for a new trial. A negotiated agreement was entered whereby the petitioner would not receive the death penalty. Judge Rex H. Ogle set aside the original sentences and, on December 7, 1998, imposed a sentence of life for the first degree murder conviction and a sentence of sixteen years for the armed robbery conviction. The defendant waived his right to appeal.