IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 13, 2004

## RICKEY HOGAN v. DAVID G. MILLS, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5806      Joseph H. Walker, III, Judge**

_____

**No. W2004-00182-CCA-R3-HC  - Filed July 21, 2004**

_____

The petitioner filed a petition for habeas corpus relief claiming that the judgments entered are void. He contends that he was on parole when the current offenses were committed; therefore, the concurrent sentences that he received are illegal. We conclude that in order to receive relief, the fact that the petitioner was on parole when he pled guilty must be proved by satisfactory proof contained in the record or proceedings underlying the convictions sought to be set aside. We reverse the trial court's summary dismissal and remand for appointment of counsel and a hearing to determine whether the record of the underlying convictions or proceedings contained satisfactory proof that the petitioner was on parole at the time he committed second degree murder and robbery with a deadly weapon.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Rickey Hogan, Henning, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter, and Kathy D. Aslinger, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 11, 2003, the petitioner, Rickey Hogan, filed a petition for habeas corpus relief in the Lauderdale County Circuit Court. Although the petitioner used a preprinted federal habeas corpus form to prepare his petition, he raised state claims. It appears from the judgments attached to the petition that the petitioner pled guilty to second degree murder and robbery with a deadly weapon on May 17, 1985. He received concurrent forty-year sentences for the offenses. In his petition, the petitioner asserts that the judgments are void because the concurrent sentences are

illegal. The habeas court summarily dismissed the petition, finding that the petitioner had failed to establish a claim for habeas corpus relief. The petitioner timely filed his notice of appeal.

The petitioner claims that the trial court erred in ruling on his petition because he filed it on a federal habeas corpus form. He asks this Court to remand the case back to the circuit court, enabling him to file the petition in the proper form. While we acknowledge that the petitioner used a federal form, he filed his petition in state court and raised state habeas corpus claims. "It is well settled that a trial court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief sought." Norton v. Everhart, 895 S.W.2d 317, 319 (Tenn. 1995). We conclude that the trial court properly considered the petition.

When reviewing a petition for habeas corpus relief, the determination of whether relief should be granted is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Thus, this Court's review is *de novo* with no presumption of correctness given to the findings of the court below. Id. The grounds upon which habeas corpus relief is warranted are decidedly narrow. The writ will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A habeas corpus petition may be used to challenge judgments that are void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment, or because the defendant's sentence has expired." Id. (citations omitted). By contrast, a voidable conviction or sentence is one which is facially valid and thus requires proof beyond the face of the record or judgment to establish its invalidity. Id. The burden of proof that the judgment or sentence is "void," rather than "voidable," rests with the petitioner. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

A sentence imposed in direct contravention of the law is illegal and therefore "void or voidable depending upon whether the illegality of the sentence is evident on the face of the judgment or the record of the underlying proceedings." McLaney, 59 S.W.3d at 94 (citing Stephenson, 28 S.W.3d at 911). The trial court sentenced the petitioner to concurrent sentences of forty years for second degree murder and forty years for robbery with a deadly weapon. The petitioner alleges that the concurrent sentences are illegal in that they should be served consecutively rather than concurrently. The petitioner submitted documentation with his habeas corpus petition indicating that he was on parole for a felony when the current offenses were committed. Thus, the concurrent sentences for the present offenses would be in direct contravention to Tennessee Rule of Criminal Procedure 32(c)(3), which provides the following: "Where a defendant is convicted of multiple offenses from one trial . . . the sentence shall be consecutive whether the judgment explicitly so orders or not." Rule 32(c)(3) applies "to a sentence for a felony committed while on parole for a felony[.]"

After reviewing the habeas corpus petition, it appears that the petitioner's allegations should survive summary dismissal and that appointment of counsel is appropriate.

## CONCLUSION

We reverse the trial court's summary dismissal of the petition and remand for appointment of counsel and further hearing. The trial court, upon remand, shall determine whether the records of the convictions of second degree murder and robbery with a deadly weapon contain satisfactory proof that the petitioner was on parole status at the time of those offenses.

_____
JOHN EVERETT WILLIAMS, JUDGE