# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs June 15, 2004

## ROBERT L. CLARK, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Morgan County**
**No. 8943      E. Eugene Eblen, Judge**

---

**No. E2004-00248-CCA-R3-HC Filed July 26, 2004**

---

The petitioner's judgment forms entered May 29, 1996, reflect that he pled guilty to second degree murder, a Class A felony, committed on November 18, 1994, and possession of cocaine greater than one-half gram with intent to sell, a Class B felony, committed on October 3, 1994. The trial court sentenced him to twenty-five years on the murder conviction and twelve years on the cocaine conviction. The judgments ordered the sentences to be served concurrently to each other but consecutively to sentences for other convictions listed on the judgment forms. The petitioner filed a petition for writ of habeas corpus relief claiming that his sentences are void because they are in direct contravention of statutory law requiring them to be served consecutively rather than concurrently. The trial court granted habeas corpus relief, and the State appealed. We hold that the testimony presented by this petitioner was outside the record of the underlying convictions and proceedings and therefore should not have been considered by the trial court. We reverse and remand this case for a determination as to whether the record of the underlying convictions and proceedings constitutes satisfactory proof that the petitioner was on bail for the Class B cocaine offense when the second degree murder was committed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed
and Case Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; J. Scott McCluen, District Attorney General; and Roger Delp, Assistant District Attorney General, for the appellant, State of Tennessee.

Joe H. Walker, District Public Defender, and Walter B. Johnson, II, Assistant Public Defender, for the appellee, Robert L. Clark, Jr.

**OPINION**

On May 14, 1996, the petitioner, Robert L. Clark, Jr., pled guilty to second degree murder, a Class A felony, and possession of cocaine greater than one-half gram with intent to sell, a Class B felony. The trial court sentenced him to twenty-five years on the murder conviction and twelve years on the cocaine conviction. The judgments ordered the sentences to be served concurrently to each other, but consecutively to sentences for other convictions listed on the judgment forms.

The petitioner filed a Petition for a Writ of Habeas Corpus on December 19, 2002, claiming that his sentences are void because they are in direct contravention of statutory law requiring them to be served consecutively to one another rather than concurrently. On June 17, 2003, the trial court conducted a hearing to consider the matter. The petitioner testified that he was arrested for the cocaine charge on October 3, 1994, and was released on bond the same day. The judgment form indicates that the second degree murder was committed on November 18, 1994. The trial court stated that it was considering the testimony of the petitioner and the dates of the offenses. On January 26, 2004, the trial court issued an order setting aside the judgments and finding that the two sentences are illegal in that they must run consecutively rather than concurrently. The State timely filed notice of appeal.

The State contends on appeal that the trial court erred in finding the judgments void and granting habeas corpus relief. When reviewing a petition for habeas corpus relief, the determination of whether relief should be granted is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Thus, this Court's review is *de novo* with no presumption of correctness given to the findings of the court below. Id. The grounds upon which habeas corpus relief is warranted are decidedly narrow. The writ will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A habeas corpus petition may be used to challenge judgments that are void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Id. (citations omitted). By contrast, a voidable conviction or sentence is one which is facially valid and thus requires proof beyond the face of the record or judgment to establish its invalidity. Id. The burden of proof that the judgment or sentence is "void," rather than "voidable," rests with the petitioner. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

A sentence imposed in direct contravention of a statute is void and illegal. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). The petitioner alleges, and the trial court agreed, that the offense of murder committed in case 95-97 was committed while the petitioner was out on bond for the felony drug offense committed in case 95-271. Following guilty pleas, the trial court ordered the two sentences to run concurrently to each other but consecutively to other, apparently unrelated, offenses. Thus, the concurrent sentences would be in direct contravention to Tennessee Code Annotated

section 40-20-111(b), which provides the following: "In any case in which a defendant commits a felony while such defendant was released on bail, . . . the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively."

In McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001), the habeas petitioner filed a petition in the Davidson County Criminal Court alleging that he had been released on bail on a charge in Jefferson County when he committed two additional felonies in that county. The petitioner submitted a plea agreement for all these charges to the Jefferson County Circuit Court. The plea agreement contained a provision that all three of the petitioner's sentences were to be served concurrently. The petitioner further alleged that, because he was on bail for one felony when he committed two others, his sentences were illegal because Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C) mandated consecutive sentencing under such circumstances. In light of this claim that his agreed concurrent sentences were illegal, the petitioner maintained his pleas of guilty were not knowingly or voluntarily entered and should be set aside.

The Tennessee Supreme Court held that if McLaney's allegations about being on bail when he committed two additional felonies were true, then concurrent sentences would be in direct contravention of the law, illegal, void, and subject to review by way of a writ of habeas corpus. The supreme court noted that if the Davidson County habeas court determined that the allegations were true, the Davidson County court should declare the concurrent sentences void and then transfer the case to the Jefferson County trial court for imposition of legal sentences. McLaney, 59 S.W.3d at 92-95.

In McLaney, the petitioner had acted *pro se* without the assistance of appointed counsel as requested. 59 S.W.3d at 94.

> 'Had an attorney been appointed, if the record of the underlying proceedings clearly showed that the latter rape and burglary offenses were committed while McLaney was on bail, appointed counsel presumably would have brought those records to the attention of the court, and a determination whether the judgment was void could have been resolved on the merits.'

Id. The petitioner in the present case was afforded the assistance of court appointed counsel. However, counsel did not introduce any documentation contained in the record underlying these convictions or proceedings that the petitioner was indeed out on bail when the latter offense was committed. The petitioner's counsel submits that he was never served with the State's motion to dismiss the habeas corpus petition. Therefore, "counsel had no knowledge of the State's position in this case" and was not aware that the necessary records would be required. We do not find the petitioner's argument to be persuasive. The burden was on the petitioner to prove that he was entitled to habeas corpus relief. The only evidence contained in the record before us that the petitioner was out on bond when the second offense was committed is his testimony at the habeas corpus hearing. The petitioner's testimony considered by the trial court was proof beyond the face of the record or judgments in the underlying convictions or proceedings. Therefore, the testimony was not properly considered in finding the judgments void. The trial court also stated that it was

considering the dates of the offenses in determining that the petitioner was out on bond. We conclude that the fact that the second offense was committed approximately one month after the first offense sheds little light on his bond status. This evidence does not warrant habeas corpus relief. However, because the petitioner may have additional evidence in the record underlying these two convictions and the petitioner may have chosen not to introduce such evidence because the trial court wrongfully accepted the petitioner's testimony which is outside the record, we remand this case for further hearing.

## CONCLUSION

In conclusion, we reverse the judgment of the trial court granting habeas corpus relief and remand this case for further hearing and determination as to whether satisfactory proof is contained in the record of the underlying convictions or proceedings showing that the petitioner was on bail for the Class B cocaine offense when the second degree murder was committed.

_____
JOHN EVERETT WILLIAMS, JUDGE