IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2007

## JOEY SALCIDO v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Wayne County**
**No. 14046   Robert L. Jones, Judge**

--------

**No. M2007-00166-CCA-R3-HC - Filed on June 21, 2007**

--------

The Petitioner, Joey Salcido, filed a pro se petition for a writ of habeas corpus. The habeas court denied relief, and the Petitioner filed a timely notice of appeal. On appeal, the Petitioner contends that the habeas corpus court erred because: (1) the trial court lacked jurisdiction to convict him because of a defective indictment; and (2) the delay in the disposition of his post-conviction petition has deprived him of due process of law. Finding no error, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Joey Salcido, Clifton, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Mike Bottoms, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I.  Facts

The Petitioner, Joey Salcido, was convicted in 1999 in the Giles County Circuit Court on three counts of aggravated sexual battery, and he received an effective sentence of thirty-six years. On appeal, his convictions and sentences were affirmed. See State v. Joey L. Salcido, No. M1999-00501-CCA-R3-CD, 2001 WL 227357 (Tenn. Crim. App., at Nashville, Mar. 8, 2001), *perm. app. denied* (Tenn. Sept. 17, 2001). The Petitioner filed a petition for a writ of habeas corpus alleging a delay in the disposition of his post-conviction petition, the habeas court dismissed the petition without a hearing, and the Petitioner filed a timely notice of appeal.

## II. Analysis

The Petitioner contends that the habeas corpus court erred when it dismissed his petition because: (1) the trial court lacked jurisdiction to convict him because of a defective indictment; and (2) the delay in the disposition of his post-conviction petition has deprived him of due process of law.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2006) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). In contrast, a voidable judgment is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Taylor, 995 S.W.2d at 83; see State v. Richie, 20 S.W.3d 624, 633 (Tenn. 2000).

### A. Indictment

The Petitioner alleges that the trial court lacked jurisdiction to convict him because of a defective indictment. Specifically, the Petitioner claims that the indictment is defective because it fails to sufficiently charge the offense for which the Petitioner was convicted. The State contends that the Petitioner waived this issue and that, alternatively, the trial court did not lack subject matter jurisdiction to impose a conviction.

Although the Petitioner risks waiver because he failed to raise this issue at his hearing in the habeas corpus court, we will review the issue. In Summers v. State, 212 S.W.3d 251 (Tenn. 2007), the Tennessee Supreme Court noted the following:

> The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed. In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions. When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the

2

appointment of counsel and without a hearing.

Id. at 261. The record reflects that the Petitioner failed to include the indictment at issue in his petition to the habeas corpus court. Because the Petitioner failed to provide the habeas corpus court with the necessary documentation to support his factual allegations, we conclude that the habeas corpus court properly dismissed the Petitioner's petition.

## B. Post-Conviction Petition

The Petitioner argues that the four year delay in the disposition of his post-conviction petition has deprived him of due process of law. The State contends that the Petitioner's due process claim is not recognizable in a habeas corpus proceeding. We agree with the State.

The record reflects that the Petitioner filed a post-conviction petition on September 17, 2002, and that an order assigning him counsel was filed on December 28, 2005. The Petitioner's allegation is not that his judgments are void or that his sentence has expired. Again, we note that habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Therefore, the Petitioner is not entitled to relief on this issue.

## III. Conclusion

In accordance with the foregoing authorities and reasoning, we affirm the judgment of the habeas corpus court.

_____

ROBERT W. WEDEMEYER, JUDGE