IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 24, 2007

## JOHN J. VILLANUEVA v. HOWARD CARLTON, Warden

**Direct Appeal from the Criminal Court for Johnson County**
**No. 4871   Robert E. Cupp, Judge**

_____

**No. E2007-00361-CCA-R3-HC** - Filed August 14, 2007

_____

The Petitioner, John J. Villanueva, filed a pro se petition for a writ of habeas corpus. The habeas court denied relief, and the Petitioner filed a timely notice of appeal. On appeal, the Petitioner contends that the habeas court erred because: (1) the trial court lacked jurisdiction to impose a life sentence without parole; and (2) his sentence is void because the trial court misclassified the offense on the judgment form. Upon review, we conclude that the trial court had jurisdiction to impose a life sentence without parole and that the trial court's misclassification of the Petitioner's offense on the judgment form does not entitle him to habeas corpus relief. Accordingly, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which J.C. McLIN and D. KELLY THOMAS, JR., JJ., joined.

John J. Villanueva, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon and Blind Akrawi, Assistant Attorneys General, for the Appellee, State of Tennessee.

## OPINION
### I.  Facts

        A Jefferson County jury convicted the Petitioner, John J. Villanueva, of first degree burglary in 1987.[1] The jury further determined that the Petitioner was an habitual criminal, and the trial court sentenced him to life imprisonment without parole. T.C.A. § 39-1-806 (1982) (repealed 1989). On direct appeal, the Petitioner's conviction and sentence were affirmed. *State v. John J. Villaneuva*,

_____

[1] The crime of burglary is no longer referred to by degree. It is now codified in Tennessee Code Annotated sections 39-14-402 to -404 as burglary, aggravated burglary, and especially aggravated burglary, respectively.

C.C.A. No. 77, 1988 WL 69528, at *6 (Tenn. Crim. App., at Knoxville, July 5, 1988), *perm. app. denied* (Tenn. Oct. 3, 1988). In 1988, the Petitioner filed a petition for post-conviction relief, asserting, in part, that he was "denied equal protection of the laws . . . by being incarcerated under the habitual criminal statute." *State v. John J. Villaneuva*, C.C.A. No. 93, 1991 WL 89843, at *1 (Tenn. Crim. App., at Knoxville, May 30, 1991), *perm. app. denied* (Tenn. Jan 6, 1992). On appeal, this Court affirmed the trial court's dismissal of his petition for post-conviction relief. *Id.* at *3. In 1996, the Petitioner filed his first pro se petition for a writ of habeas corpus, asserting, in part, that his conviction as an habitual criminal was void. *John J. Villaneuva v. Howard Carlton*, No. 03C01-9611-CR-00425, 1997 WL 607499, at *1 (Tenn. Crim. App., at Knoxville, Oct. 3, 1997), *perm. app. denied* (Tenn. Feb. 8, 1999). This petition was dismissed for failure to state a claim upon which habeas relief could be granted, and this Court affirmed that dismissal. *Id.* at *2-3.

On March 27, 2006, the Petitioner filed his second pro se petition for a writ of habeas corpus, asserting that the trial court's judgment against him is void on its face and that he is being illegally restrained. The habeas court dismissed his petition in a written order, and the Petitioner filed a timely notice of appeal.

## II. Analysis

On appeal, the Petitioner contends that the habeas court erred when it dismissed his petition because: (1) the trial court lacked jurisdiction to impose a life sentence without parole; and (2) his sentence is void because the trial court misclassified the offense on the judgment form.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2006) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory time limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In contrast, a voidable judgment is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

### A. Sentencing

The Petitioner alleges that the trial court lacked jurisdiction to impose a sentence of life imprisonment without parole. Specifically, the Petitioner claims that he should not have been

sentenced under the habitual criminal statute, T.C.A. § 39-1-806 (1982) (repealed 1989), and instead he should have been sentenced under Tennessee Code Annotated section 40-35-101 *et seq.* The State contends that the Petitioner has failed to state a claim for habeas corpus relief because Tennessee Code Annotated section 39-1-806 was applicable to the Petitioner at the time of his conviction. The State further asserts that because the habitual criminal statute requires a sentence of life imprisonment without parole, the trial court was without discretion to issue any other sentence after the jury determined the Petitioner to be a habitual criminal. We agree with the State.

In our opinion affirming the habeas court's dismissal of the Petitioner's first petition for a writ of habeas corpus, we addressed the applicability of the habitual criminal statute to the Petitioner. We stated:

> [T]he [Petitioner's] claim attacking his "conviction as an habitual criminal" is ill-founded. The State's habitual criminal statute, now repealed, did not create an independent crime but defined a status prescribing circumstances under which there was an enhanced penalty for the "triggering" offense. In order to establish the [Petitioner's] status as an habitual criminal, the State need only prove that [he] has, in addition to the triggering offense, three prior felony convictions, two of which must be included in the statutory list of enumerated felonies.

*Villaneuva*, 1997 WL 607499, at *3 (citations omitted). Under the habitual criminal statute, a person defined as an habitual criminal was to be sentenced to life imprisonment without parole. T.C.A. § 39-1-806. Because the jury determined the Petitioner to be an habitual criminal, the trial court issued the appropriate sentence of life imprisonment without parole.

As stated above, a court cannot grant a habeas corpus petition unless: (1) the petitioner's sentence has expired; or (2) his or her sentence is void. *Archer*, 851 S.W.2d at 164. Neither of these narrow criteria apply in the case under submission. First, the Petitioner is serving a life sentence, so his sentence has not expired. Second, revisiting whether the Petitioner should have factually been sentenced as an habitual criminal would require us to look at new proof beyond the face of the trial court's judgment. A facially valid judgment that requires new evidence to establish its invalidity is voidable, not void, and thus is an improper ground for habeas relief. *Taylor*, 995 S.W.2d at 83; *see Richie*, 20 S.W.3d at 633. Because the Petitioner cannot prove either ground, we conclude that the habeas court properly dismissed the Petitioner's petition.

### B. Classification of Offense

The Petitioner alleges that because the trial court misclassified first degree burglary as a Class X felony pursuant to Tennessee Code Annotated section 39-1-701 *et seq.*, his sentence is illegal and thus void. The State responds that if the Petitioner's offense was misclassified on the trial court's judgment form, this was a simple clerical error that is easily correctable and not a proper ground for habeas relief. We agree with the State.

At the time of the Petitioner's conviction, first degree burglary was not included on the statutorily-prescribed list of Class X felonies.[2] T.C.A. § 39-1-702 (1979) (repealed 1989). Thus, the trial court erred in classifying first degree burglary as a Class X felony on the judgment form. This, however, does not entitle the Petitioner to habeas corpus relief. When a habeas petitioner has been convicted by a jury and sentenced by operation of law, a trial court's failure to properly classify the offense on the judgment form does not render the judgment void.[3] *See Thomas Braden v. Ricky Bell*, No. M2004-01381-CCA-R3HC, 2005 WL 2008200, at *4 (Tenn. Crim. App., at Nashville, Aug. 19, 2005); *see also Barry Sotherland v. State*, No. M2005-00565-CCA-R3-HC, 2006 WL 407775, at *4 (Tenn. Crim. App., at Nashville, Feb. 17, 2006). In the case presently before us, after the jury convicted the Petitioner and found him to be an habitual criminal, he was sentenced according to statutory requirements that had nothing to do with how the "triggering" offense was classified on the judgment form. In other words, whether or not first degree burglary would have been considered a Class X felony, the Petitioner is still required to serve his life sentence due to his designation as an habitual criminal. *See* T.C.A. § 39-1-806 (1982) (repealed 1989).

Even though the judgment is not void, it is still appropriate for the trial court to amend the judgment to reflect the proper offender classification. In Tennessee, courts may "correct mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36. In addition, the Tennessee Supreme Court has determined that a trial court has the authority to "correct an illegal . . . sentence at any time, even if it has become final." *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978). The relevant part of the judgment form reads as follows: "The offense (is) or (is not) a Class X Felony." The trial judge incorrectly circled the "(is)" option. This clerical error does not affect the validity of the Petitioner's life sentence as an habitual criminal and thus is not an appropriate ground for granting habeas corpus relief. However, we remand for the trial court to amend the judgment form to reflect the proper offender classification.

### III. Conclusion

In accordance with the foregoing authorities and reasoning, we affirm the judgment of the habeas court and remand for the entry by the trial court of an amended judgment form to reflect the proper offender classification.

_____
ROBERT W. WEDEMEYER, JUDGE

---

[2] Though this "Class X" designation for felonies is no longer used, it referred to particularly serious and dangerous crimes, including murder, aggravated rape, aggravated kidnapping, and willful injury by explosives, to name a few.

[3] If a judgment that misclassifies an offense results from a guilty plea rather than a jury conviction, that judgment may be rendered void since the habeas petitioner's plea would be based on a sentence that could not be legally fulfilled. *See McLaney v. Bell*, 59 S.W.3d 90, 94-95 (Tenn. 2001) (holding that a petitioner who received a concurrent sentence instead of a statutorily-mandated cumulative sentence for committing a felony while released on bail could withdraw a guilty plea that was based on the illegal concurrent sentence).