IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 4, 2007

## KEITH T. PERRY v. GLEN TURNER, Warden

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 07-02-0226    Joseph Walker, Judge**

_____

**No. W2007-01176-CCA-R3-HC  - Filed January 22, 2008**

_____

The Petitioner, Keith T. Perry, pled guilty to second degree murder in 2000, with an agreed sentence of thirty years to be served at one hundred percent.  He subsequently filed a petition for habeas corpus relief claiming the following: (1) the thirty-year sentence violated *Blakely v. Washington* and its progeny; (2) the thirty-year sentence violated the Tennessee Code's requirement that Range I offenders not be sentenced to more than twenty-five years; and (3) the Tennessee Code sections applicable are ambiguous.  The habeas court denied the petition, and, upon a thorough consideration of the facts and applicable law, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and DAVID G. HAYES, J., joined.

Keith T. Perry, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Lacy Wilber, Assistant Attorney General; Mike Dunavant, District Attorney General; Joe Van Dyke, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I.  Facts

The Petitioner was originally indicted for first degree premeditated murder, first degree felony murder, and theft of property between $1000 and $10,000.  The Petitioner agreed to plead guilty to second degree murder in exchange for the other charges being dismissed.  The agreed sentence was thirty years, at one hundred percent.  The Petitioner subsequently filed a habeas corpus petition alleging this sentence is illegal.

## II. Analysis

The Petitioner raises the following issues in this habeas appeal, which we address together: (1) the trial court erred in sentencing the Petitioner to a sentence above the presumptive minimum; (2) the trial court erred in sentencing the Petitioner to a sentence above the prescribed maximum; and (3) the Tennessee Code is ambiguous; thus, the more lenient interpretation should be applied.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2006) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

Initially, the Petitioner argues that recent case law makes his thirty-year sentence void. *See Cunningham v. California*, — U.S. —, 127 S. Ct. 856, 863-64 (2007); *United States v. Booker*, 543 U.S. 220 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004); *Ring v. Arizona*, 536 U.S. 584 (2002); *Apprendi v. New Jersey*, 530 U.S. 466, (2000); *State v. Gomez*, — S.W.3d —, 2007 WL 2917726 (Tenn. 2007). Collectively, these cases stand for the proposition that a trial court may not make factual determinations and use those determinations to upwardly adjust a defendant's sentence if the sentencing scheme is not completely discretionary. These cases have not been applied to sentences imposed to a plea-bargained agreement. *See Hoover v. State*, 215 S.W.3d 776, 779-80 (Tenn. 2007) (upholding thirty-five year sentence on second-degree murder guilty plea). Here, the trial court made no findings of fact in sentencing the Petitioner, thus, these cases are not implicated.

Further, in a case with almost identical facts to this case, the Tennessee Supreme Court recently held that "a plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized for the plea offense." *Id.* at 780. The maximum punishment for second-degree murder is sixty years. T.C.A. § 30-13-210 (2006) (second-degree murder is a Class A felony); T.C.A. §§ 40-35-111(b)(1), -112(c)(1) (2006) (maximum sentence for a Class A felony is sixty years). Because the Petitioner's thirty-year sentence is less than the maximum sixty-year sentence, he is serving a legal sentence.

Finally, the Petitioner argues that two Tennessee statutes are ambiguous, and, therefore, the

2

"Rule of Lenity" applies, and he is entitled to the more lenient reading. Tennessee Code Annotated section 40-35-111 describes the overall sentence structure available to a court. Specifically, section 40-35-111(b)(1) states the overall range for a Class A felony is fifteen to sixty years. Tennessee Code Annotated 40-35-112 sets out more specific ranges based on whether the defendant is a Range I, II, or III offender. For a Class A felony, Range I is between fifteen and twenty-five years; Range II is between twenty-five and forty years; Range III is between forty and sixty years. T.C.A. §§ 40-35-112(a)(1), (b)(1), & (c)(1). In our view, these statutes are not ambiguous. The Petitioner is not entitled to relief on this issue.

### III. Conclusion

We conclude that the Petitioner is not entitled to habeas corpus relief because his sentence is legal. Accordingly, we affirm the judgment of the habeas court.

_____
ROBERT W. WEDEMEYER, JUDGE

3