# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## YASIN HAWKINS v. JOE EASTERLING, WARDEN

### Direct Appeal from the Circuit Court for Hardeman County
### No. 07-02-0267     Joseph H. Walker, Judge

---

### No. W2007-02588-CCA-R3-HC  - Filed June 19, 2008

---

The petitioner, Yasin Hawkins, appeals from the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The petition is defective because it does not include a copy of the judgment which is the basis for the petitioner's being restrained, and it fails to present a claim which is cognizable in a habeas corpus proceeding.  Accordingly, we affirm the trial court's dismissal.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of Court of Criminal Appeals

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Yasin Hawkins, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner, Yasin Hawkins, pled guilty in 1996 to second degree murder and in 2007 he filed a petition for habeas corpus relief, the basis being his claims that trial counsel had been ineffective.  The trial court dismissed the petition because it did not include a copy of the judgment which is the basis for the petitioner's being restrained.  The petitioner appealed and the State responded by filing a motion requesting that the judgment of the trial court be affirmed, pursuant to Rule 20, Rules of the Court of Criminal Appeals.  We will review that motion.

Whether the petitioner is entitled to habeas corpus relief is a question of law.  Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).  As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions.  Id.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

We agree with the trial court and the State on appeal that the petition was subject to summary dismissal because it did not include a copy of the judgment pursuant to which the petitioner is restrained. See Summers, 212 S.W.2d at 255-56. Additionally, we note that the claim of ineffective assistance of counsel cannot be raised in a habeas corpus proceeding, as the petitioner has done.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE