IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 3, 2008

## ERIC JASON TOLLEY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 04-05432      Paula Skahan, Judge**

---

**No. W2007-01642-CCA-R3-HC  - Filed July 21, 2008**

---

The petitioner, Eric Jason Tolley, appeals the denial of his petition for writ of habeas corpus, arguing that the court should have appointed counsel and held an evidentiary hearing to consider his claims. Following our review, we affirm the summary dismissal of the petition on the grounds that the petitioner failed to state a colorable claim for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Eric Jason Tolley, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany, Assistant Attorney General; William L. Gibbons, District Attorney General; and Betsy Carnesale, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

On November 2, 2004, the petitioner pled guilty in the Shelby County Criminal Court to two counts of rape of a child and three counts of aggravated sexual battery. Pursuant to his guilty plea agreement, he was sentenced to concurrent terms of eight years for each aggravated sexual battery conviction and to concurrent terms of 13.5 years for each child rape conviction, with the child rape and aggravated sexual battery sentences to be served consecutively, for an effective sentence of 21.5 years at 100% in the Department of Correction.

On June 7, 2007, the petitioner filed a *pro se* petition for writ of habeas corpus, alleging, among other things, ineffective assistance of counsel, errors in the trial court's evidentiary rulings, prosecutorial misconduct, insufficiency of the evidence in support of his guilty plea convictions, and

denial of his right to a fair trial based on the cumulative effect of the various errors committed by the trial court and his counsel. In a written order entered on June 25, 2007, the habeas court found that the petitioner's claims, if true, would render his convictions merely voidable because a determination of each of the issues would require proof beyond the face of the judgments. The court noted that the allegations would be proper in a post-conviction petition, but the statute of limitations for filing a petition for post-conviction relief had expired. Accordingly, the court concluded that the petitioner was entitled to neither habeas corpus nor post-conviction relief and denied the petition. Thereafter, the petitioner filed a timely notice of appeal to this court, arguing that the habeas court erred by denying his petition without appointing counsel or holding an evidentiary hearing.

## ANALYSIS

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993). "A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Hoover v. State, 215 S.W.3d 776, 778 (Tenn. 2007) (citations omitted). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If the habeas corpus petition fails to state a cognizable claim for relief, the trial court may summarily dismiss it without appointing counsel or holding an evidentiary hearing. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

We find no error in the habeas court's summary dismissal of the petition. As the court observed, the petitioner's claims, taken as true, would render his convictions merely voidable, and his petition was filed well beyond the one-year statute of limitations for filing a post-conviction petition. See Tenn. Code Ann. § 40-30-102(a) (2006). Accordingly, we affirm the summary dismissal of the petition for writ of habeas corpus.

## CONCLUSION

Because the petition for writ of habeas corpus fails to state a cognizable claim for habeas corpus relief and was filed beyond the one-year statute of limitations for filing a petition for post-conviction relief, we affirm the summary dismissal of the petition.

_____

ALAN E. GLENN, JUDGE