IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 21, 2010

## JOHNNY B. EWING, II v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2003-A-431     Cheryl Blackburn, Judge**

**No. M2009-02308-CCA-R3-HC - Filed August 3, 2010**

The *pro se* petitioner, Johnny B. Ewing, II, appeals the Davidson County Criminal Court's denial of his petition for writ of habeas corpus. Following our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Johnny B. Ewing, II, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret T. Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On December 8, 2003, the petitioner, who had been indicted for the December 15, 2002, first degree premeditated murder of Derrick Johnson, pled guilty in the Davidson County Criminal Court to second degree murder in exchange for a Range II sentence of forty years at 100% as a violent offender. He subsequently filed a petition for post-conviction relief in which he alleged, among other things, that his guilty plea was unknowing and involuntary due to counsel's failure to adequately explain that he was pleading outside his range. Johnny B. Ewing v. State, No. M2005-01222-CCA-R3-PC, 2006 WL 1446921, at *7 (Tenn. Crim. App. May 22, 2006), perm. to appeal denied (Tenn. Sept. 25, 2006). This court affirmed the post-conviction court's denial of the petition, and our supreme court denied his

application for permission to appeal. See id. at *1.

On June 16, 2009, the petitioner filed a petition for writ of habeas corpus in which he alleged that his sentence was illegal because the trial court "lacked authority to enter a judgment sentencing the Petitioner to serve a Range II sentence with a violent offender 100% release eligibility percentage."

On September 29, 2009, the habeas corpus court entered a detailed written order in which it noted that the issue of the petitioner's release eligibility was thoroughly addressed at the post-conviction evidentiary hearing and in the order of the court denying post-conviction relief, where the court explained that the petitioner's Range II sentence at 100% was lawful because the petitioner elected to plead outside his range pursuant to Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997). Accordingly, the court denied the petition on the basis that the petitioner had failed to show either a void judgment or an expired sentence. This appeal followed.

## ANALYSIS

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

The petitioner asserts that the trial court lacked the authority to sentence him as a Range II offender to forty years at 100% release eligibility, arguing that he cannot be both a Range II offender with a release eligibility of 35% and a violent offender with a release eligibility of 100%. The petitioner's argument ignores the fact that a second degree murder that was committed on or after July 1, 1995, is one of the offenses for which a defendant "shall serve one hundred percent (100%) of the sentence imposed[.]" Tenn. Code Ann. § 40-35-501(i)(1)(2)(B) (2006). Our supreme court has repeatedly held that "offender

classification and release eligibility are non-jurisdictional and may be used as bargaining tools by the State and the defense in plea negotiations." Hoover v. State, 215 S.W.3d 776, 780 (Tenn. 2007). In accordance with the terms of his negotiated plea bargain, the petitioner pled guilty to second degree murder in exchange for a Range II sentence of forty years, which, by statute, has to be served at 100% release eligibility – a fact that was reflected in the petitioner's plea agreement and explained to him by the trial judge at the guilty plea hearing. We conclude, therefore, that the habeas court properly denied the petition on the basis that the petitioner has not shown that he is entitled to habeas corpus relief.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the habeas court denying the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE