IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 14, 2010

# LUIS D. VIDALES ROMERO v. JOE EASTERLING, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. 10-CR-42     Joe H. Walker, III, Judge**

**No. W2010-00680-CCA-R3-HC  - Filed October 18, 2010**

The *pro se* petitioner, Luis D. Vidales Romero, appeals the summary dismissal of his petition for writ of habeas corpus. Following our review, we affirm the habeas court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and D. KELLY THOMAS, JR., JJ., joined.

Luis D. Vidales Romero, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and David H. Findley, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

### FACTS

The petitioner was convicted in April 2001 of conspiracy to possess with intent to sell more than seventy pounds of marijuana within one thousand feet of a school zone, a Class A felony, and was sentenced to fifteen years at 100% in the Department of Correction. On February 8, 2010, he filed a petition for writ of habeas corpus in which he alleged that his sentence violates the Drug-Free School Zone Act and is, therefore, illegal. The habeas court entered an order summarily dismissing the petition on February 16, 2010, on the basis that the trial court had jurisdiction to impose the sentence. The petitioner then filed a timely notice of appeal to this court.

# ANALYSIS

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

The grounds upon which habeas corpus relief may be granted are narrow. Davis v. State, 313 S.W.3d 751, 758-59 (Tenn. 2010) (citations omitted). It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

The petitioner argues on appeal that the judgment is void because it is in "direct contravention with" Tennessee Code Annotated sections 40-35-501(i) and 39-17-432 (b), (c), and (d). However, there is nothing in these statutes that renders the petitioner's sentence illegal. Tennessee Code Annotated section 40-35-501(i) enumerates certain felonies for which a defendant must serve his entire sentence, while Tennessee Code Annotated section 39-17-432 provides for enhanced punishments, including service of the full minimum sentence, for a defendant convicted of a drug offense committed within a school zone.

The petitioner additionally argues that the habeas court erred by not considering the holding in Davis v. State, 313 S.W.3d 751 (Tenn. 2010). We agree with the State, however, that Davis, in which our supreme court concluded that a defendant sentenced under the Drug-Free School Zone Act "may legally bargain for a higher [release eligibility date] in exchange for a lower sentencing range," id. at 765, has no bearing on the legitimacy of the petitioner's sentence in this case. We conclude, therefore, that the habeas court's summary dismissal of the petition was proper.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE