IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 14, 2010

**LOUIS T. ROBINSON v. JOE EASTERLING, WARDEN**

**Appeal from the Circuit Court for Hardeman County**
**No. 10-CR-036     Joseph H. Walker, III, Judge**

**No. W2010-00465-CCA-R3-HC  - Filed October 22, 2010**

The *pro se* petitioner, Louis T. Robinson, appeals the dismissal of his petition for writ of habeas corpus, arguing that the court erred by summarily dismissing the petition without appointing counsel or issuing any findings of fact.  Following our review, we affirm the habeas court's summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. McLIN and D. KELLY THOMAS, JR., JJ., joined.

Louis T. Robinson, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel West Harmon, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In 1993, the petitioner pled guilty to second degree murder and was sentenced as a Range III, persistent offender to forty years in the Department of Correction.  Since that time, he has "submitted multiple petitions for writs of habeas corpus." Louis Tyrone Robinson v. Ricky Bell, Warden, No. M2006-00869-CCA-R3-PC, 2006 WL 3093213, at *1 (Tenn. Crim. App. Oct. 26, 2006).  The record in the case at bar, in fact, includes an order entered by this court on December 9, 2009, in which we dismissed yet another one of the petitions for writ of habeas corpus, in which the petitioner again alleged the illegality of his forty-year sentence, on the basis that the petitioner had "failed to demonstrate how his sentence [was] void" and that the interest of justice did not require that we waive the timely notice of appeal

requirement in the case.

The current appeal relates to the petitioner's January 20, 2010 petition for writ of habeas corpus in the Hardeman County Circuit Court in which he alleged that his sentence was illegal because the State failed to file a timely notice of enhanced sentencing prior to the entry of his guilty plea. On January 25, 2010, the habeas court summarily dismissed the petition on the grounds that the petitioner had not demonstrated any grounds for habeas corpus relief. The petitioner then filed a timely appeal to this court in which he argues that the habeas court erred by not appointing counsel and by not issuing findings of fact in support of its dismissal of the petition.

## ANALYSIS

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

We conclude that the habeas corpus court's summary dismissal of the petition was proper. The grounds upon which habeas corpus relief may be granted are narrow. Davis v. State, 313 S.W.3d 751, 758-59 (Tenn. 2010) (citations omitted). It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

The petitioner's allegation that the State failed to provide timely notice of enhanced punishment, even if true, does not result in a void judgment or an illegal sentence. Moreover, the petitioner also failed to comply with the mandatory requirements for habeas corpus petitions under Tennessee Code Annotated section 29-21-107(b)(2) by failing to include a copy of the judgment in his January 20, 2010 petition. A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural

-2-

requirements." <u>Summers</u>, 212 S.W.3d at 260. Accordingly, the habeas court properly dismissed the petition without a hearing.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE