# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ANTHONY LEON MOORE v. JOE EASTERLING, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. 10-CR-53          Joe H. Walker, III, Judge**

**No. W2010-01082-CCA-R3-HC  - Filed January 26, 2011**

The *pro se* petitioner, Anthony Leon Moore, appeals the Hardeman County Circuit Court's dismissal of his petition for writ of habeas corpus. The State has filed a motion requesting that this court affirm the lower court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Because the petitioner has failed to establish that his convictions are void or his sentences illegal, we conclude that the State's motion is well-taken. Accordingly, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Anthony Leon Moore, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In 2000, the petitioner was convicted by a Madison County Circuit Court jury of aggravated robbery and aggravated burglary for breaking into a man's motel room and robbing him at gunpoint. The petitioner's convictions and effective twenty-five-year sentence were affirmed by this court on direct appeal, and our supreme court denied his application for permission to appeal. See State v. Anthony Leon Moore, No. W2000-02862-CCA-R3-CD, 2002 WL 1482667, at *1 (Tenn. Crim. App. Feb. 11, 2002), perm. to appeal denied (Tenn. July 8, 2002). The petitioner subsequently filed a petition for post-conviction relief, which was denied by the post-conviction court. This court affirmed the denial of the

petition, and our supreme court once again denied the petitioner's application for permission to appeal. See Anthony Leon Moore v. State, No. W2004-02039-CCA-R3-PC, 2005 WL 2205847, at *1 (Tenn. Crim. App. Sept. 12, 2005), perm. to appeal denied (Tenn. Feb. 6, 2006).

On March 26, 2010, the petitioner filed a petition for writ of habeas corpus alleging that his aggravated burglary conviction was "in direct contravention of [the] express statutory provisions" of Tennessee Code Annotated section 39-11-109, "Prosecution under more than one (1) statute," which provides in pertinent part:

> (b) When the same conduct may be defined under two (2) or more specific statutes, the person may be prosecuted under either statute unless one (1) specific statue precludes prosecution under another.

Tenn. Code Ann. § 39-11-109(b) (2010). The petitioner argued that the statute prohibited his dual convictions for aggravated burglary and aggravated robbery because "[t]here was one discrete act, one intent, and one victim." On April 14, 2010, the habeas court entered an order summarily dismissing the petition on the grounds that the petitioner's allegations did not entitle him to habeas corpus relief.

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

We conclude that the habeas corpus court's summary dismissal of the petition was proper. It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

The petitioner has failed to meet his burden of showing that his judgments are void or his sentences expired. The petitioner's reliance on Tennessee Code Annotated section 39-11-109 is misplaced. His conviction for aggravated burglary, which was based on his having broken into the motel room with the intent to commit an aggravated robbery, involved different conduct and different elements from his conviction for aggravated robbery, which was based on his robbery of the victim accomplished with a deadly weapon. Accordingly, the habeas court properly dismissed the petition without a hearing.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the habeas court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE