IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2011

## MILTON LEON SIMPSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-35647      J. Robert Carter, Jr., Judge**

_____

**No. W2011-01184-CCA-R3-HC  - Filed April 26, 2012**

_____

The petitioner, Milton Leon Simpson, appeals the summary dismissal of his petition for writ of habeas corpus.  Following our review, we affirm the summary dismissal on the grounds that the petitioner has failed to state  a cognizable claim for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JERRY L. SMITH, J., joined.

Milton Leon Simpson, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Amy P. Weirich, District Attorney General; and David Zack, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On February 7, 2011, the *pro se* petitioner filed a petition for writ of habeas corpus in the Shelby County Criminal Court in which he alleged that he was being illegally detained in the Shelby County Jail based on his March 25, 2010 arrest on felony forgery charges.  He further alleged that his bail had been set at an excessive amount of $25,000 and that the State was guilty of a failure to prosecute because no indictment had yet been returned against him.  The petitioner followed with a second petition for writ of habeas corpus, as well as several motions for a speedy trial and/or dismissal of the charges for failure to prosecute.  On February 9, 2011, the habeas court entered an order dismissing the petition for writ of habeas corpus, stating that the petition was "not well taken."  In that same order, the court noted that

a February 17, 2011 hearing date had been set to consider the petitioner's motions to dismiss. On March 3, 2011, the petitioner filed a timely notice of appeal to this court in which he appeals the habeas corpus court's denial of his petition for writ of habeas corpus.

## ANALYSIS

The petitioner argues on appeal that the habeas court erred by summarily dismissing his petition for writ of habeas corpus without considering his meritorious issues of whether he was lawfully confined, whether he was charged with the proper offense, whether the forgery statute is unconstitutional, whether his bond is excessive, and whether he was denied his right to a speedy trial. The State responds by asserting that summary dismissal was appropriate.

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, if the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

At the hearing in this matter, the habeas corpus court determined, as we have set out, that the petitioner's petition for writ of habeas corpus was "not well taken." The record shows that, as of the dates of his petitions and their summary dismissal by the habeas court, he was being held in jail on charges pending against him and had been unable to post the $25,000 bond which had been set. This justifies his detention and his petition, otherwise, fails to state a cognizable claim for relief. See Hickman, 153 S.W.3d at 21; Tenn. Code Ann. § 29-21-107. We, therefore, affirm the habeas corpus court's summary dismissal of the petition.

## CONCLUSION

Based on our review, we conclude that the petitioner has failed to state a cognizable claim for habeas corpus relief.  Accordingly, we affirm the judgment of the habeas court dismissing the petition.

_____
ALAN E. GLENN, JUDGE