IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 22, 2012

## JERRY McGAHA v. TONY HOWERTON, WARDEN, and STATE OF TENNESSEE

**Appeal from the Criminal Court for Morgan County**
**No. 2012-CR-2      E. Eugene Eblen, Judge**

**No. E2012-00569-CCA-R3-HC - Filed October 17, 2012**

The petitioner, Jerry McGaha, appeals the Morgan County Criminal Court's summary dismissal of his petition for writ of habeas corpus, arguing that the trial court lacked the jurisdiction to accept his guilty pleas to nine counts of child rape because his plea agreements did not include the mandatory requirement of community supervision for life. Because the petitioner has failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JEFFREY S. BIVINS, J., joined.

Jerry McGaha, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

In 2001, the petitioner pled guilty in the Cocke County Criminal Court to nine counts of rape of a child, for which the trial court sentenced him to a total effective sentence of fifty years in the Department of Correction. On direct appeal, this court modified the sentence to an effective term of forty-six years based on the trial court's misapplication of an enhancement factor. See State v. Jerry McGaha, No. E2001-01547-CCA-R3-CD, 2002 WL 499273, at *3 (Tenn. Crim. App. Apr. 3, 2002). The petitioner later filed a delayed appeal to the supreme court and a petition for post-conviction relief, both of which were denied. See State v. Jerry McGaha, No. E2009-02553-CCA-R3-PC, 2011 WL 6091789, at *1 (Tenn.

Crim. App. Dec. 7, 2011), <u>perm. app. denied</u> (Tenn. Apr. 11, 2012).

On June 10, 2011, the petitioner filed a petition for writ of habeas corpus in which he alleged that his sentences were illegal and void because the trial court lacked the authority to accept a plea agreement and sentence that did not include the mandatory requirement of lifetime community supervision. On August 17, 2011, the habeas court entered an order summarily dismissing the petition. On January 12, 2012, the petitioner filed a second, almost identical petition for writ of habeas corpus in which he again alleged that the trial court lacked the authority to accept his guilty pleas because they did not include the lifetime community supervision requirement. The exhibits the petitioner attached to this petition included a copy of his plea agreement and a portion of the sentencing hearing transcript, neither of which mention the community supervision for life aspect of his convictions, and three of his original judgments of conviction, on each of which is checked the box that states "Pursuant to 39-13-524, the defendant is sentenced to community supervision for life following sentence expiration." On February 13, 2012, the habeas court entered an order summarily dismissing the petition. On March 13, 2012, the petitioner filed his notice of appeal.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. <u>Faulkner v. State</u>, 226 S.W.3d 358, 361 (Tenn. 2007); <u>State v. Ritchie</u>, 20 S .W.3d 624, 629 (Tenn. 2000); <u>State v. Davenport</u>, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." <u>Summers v. State</u>, 212 S.W.3d 251, 256 (Tenn. 2007) (citing <u>Dykes v. Compton</u>, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. <u>Wyatt v. State</u>, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." <u>Summers</u>, 212 S.W.3d at 260 (citing <u>Hogan v. Mills</u>, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. <u>Id.</u> at 255; <u>Hart v. State</u>, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. <u>Id.</u>

At the outset, we note that, although the petitioner filed a timely notice of appeal following the summary dismissal of his second petition for writ of habeas corpus, there is no record of his having filed a notice of appeal following the dismissal of his first petition.

Since the petitions are almost identical, it appears that the petitioner, by filing his second petition followed by a timely notice of appeal, is attempting to circumvent Rule 4(a) of the Rules of Appellate Procedure, which provides that "the notice of appeal . . . shall be filed . . . within 30 days after the date of entry of the judgment appealed from[.]"

Regardless, we agree with the State that the petitioner's allegations essentially amount to a claim that his guilty pleas were unknowing and involuntary, which is not cognizable in a petition for writ of habeas corpus. See Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993).[1] Accordingly, we conclude that the habeas court's summary dismissal of the petition was proper, and we affirm the judgment of the habeas court.

_____
ALAN E. GLENN, JUDGE

---

[1]In fact, the petitioner's brief acknowledges that the judgments are legal and that his focus is on the plea agreement's failure to include the lifetime supervision requirement.